GEORGE B. HAND, Respondent, *v.* GAS ENGINE AND POWER COMPANY and CHARLES L. SEABURY & Co., CONSOLIDATED, Appellant.

*Advertising — to be paid for by certain deductions from the price of articles to be purchased — such provision is not applicable where the purchase is agreed to be for cash.*

Under an agreement made by a corporation providing that, "in consideration of the insertion of an advertisement * * * we promise to allow and deduct from our contract price for naphtha launches, providing said price amounts to $5,000 or more, the sum of eleven hundred and fifty-five dollars ($1,155) on or after publication and delivery to us of twenty-five books containing our advertisement," the party by whom such advertisement is to be inserted is not entitled to offset the sum of $1,155 against the purchase price of two launches for which he has subsequently agreed to pay the sum of $5,000 to a corporation which had assumed the obligations of the corporation first above mentioned, where such purchase has been made without knowledge on the part of the

corporation of the intention of the purchaser to take advantage of the adver-
tising contract, and with a distinct statement by the president of the corpora-
tion that the sale was to be for cash, in consideration of which the corporation
agreed to fix the price at the sum of $5,000.

McLAUGHLIN, J., dissented.

APPEAL by the defendant, the Gas Engine and Power Company
and Charles L. Seabury & Co., Consolidated, from a judgment of
the Supreme Court in favor of the plaintiff, entered in the office of
the clerk of the county of New York on the 13th day of April,
1898, upon the verdict of a jury rendered by direction of the court.

*E. P. Johnson*, for the appellant.

*Charles De Hart Brower*, for the respondent.

PATTERSON, J.:

On the trial of this action the court directed a verdict for the
plaintiff upon all the evidence introduced by both parties. The
defendant had asked, on that evidence, to go to the jury, and
excepted to the refusal of the court to allow him to do so. The
only matter to be considered on this appeal, which is from the
judgment entered upon the verdict, is as to the correctness of the
disposition of the cause made by the trial judge. The action was
brought by the assignee of one E. S. Hand, who, on the 31st of
October, 1890, entered into a contract with the Gas Engine and
Power Company to insert in a book being published by him an
illustrated advertisement of the articles in which the Gas Engine
and Power Company dealt. It appears that the agreed value of
the advertising was $1,155, but it was provided in the contract
as follows: "In consideration of the insertion of an advertise-
ment, * * * we promise to allow and deduct from our con-
tract price for naphtha launches, providing said price amounts to
$5,000 or more, the sum of eleven hundred and fifty-five dollars
($1,155) on or after publication and delivery to us of twenty-five
books containing our advertisement," and further: "In the event of
said purchase not being made good, we are to be absolutely acquitted
of any charge for the advertisement herein provided." It is alleged
in the complaint that on the 6th day of December, 1897 (more than
seven years after this contract was entered into), the defendant,
the "Gas Engine & Power Company and Charles L. Seabury & Co.,
Consolidated," contracted to sell to E. S. Hand, at its contract price.

of $5,000, two naphtha launches, and the said Hand agreed to pur-
chase the same at the price of $5,000, and requested that the same
be delivered on or about May 1, 1898.   That thereupon Hand duly
tendered to the defendant the advertising contract and the sum of
$3,845 in cash, in full payment of the contract price of $5,000, and
demanded that the defendant allow and deduct $1,155 from its
contract price of $5,000 for said launches, and that the said defend-
ant refused the tender and the demand, and has refused to deliver the
naphtha launches and to deduct the sum of $1,155 from the price
of the launches, and refused to accept the advertising contract at all
as part payment for the launches.  Therefore, it is claimed the
agreed value of the advertising is recoverable in this action.   It also
appears that the Gas Engine and Power Company in 1896 changed
its name to that of the present defendant.   All the allegations of
the plaintiff's complaint are admitted by the answer, except the
averment respecting the making of an agreement to sell naphtha
launches and of a refusal to deliver the launches, and of the plain-
tiff being the assignee of E. S. Hand.   Those allegations are denied.
On the trial of the cause, it was virtually conceded by the president
of the defendant that the obligation rested upon it to recognize and
perform the contracts of the Gas Engine and Power Company, and no
claim is made that the advertising was not done in the manner con-
templated by the contract of 1890, referred to in the complaint. ·

There was, however, in contest between the parties, on the trial,
an issue of fact as to any agreement having been made on the 6th day
of December, 1897, the defendant contending that the minds of the
parties had not really met as to the terms of payment of the price
at which the launches were to be sold.   The only witnesses as to what
occurred in the negotiations respecting the launches were the plain-
tiff's assignor, who was an interested party seeking to have his
advertising contract enforced, and the president of the defendant,
seeking to resist that enforcement, and, according to the testimony
of both, nothing whatever was said concerning the deduction from
the price of the launches of the $1,155 until the negotiations were
ended, and, as E. S. Hand says, he came to make payment of the
stipulated price.   Then, for the first time, he produced the contract
for advertising and insisted upon his right to have the amount
deducted from the purchase price.   He says that the president of

the defendant agreed to sell him the two launches for $5,000, which was the amount of the purchase required in order to allow the offset of the $1,155; that the sum of $5,000 was agreed upon, and that he tendered payment in accordance with his advertising contract. Mr. Amory, the president of the defendant, in making his statement of what occurred between himself and E. S. Hand relative to the launches, swears that Hand came to him giving his name as Stokes, stating that he wanted to buy two launches, and that he, Amory, then stated that he was willing to sell him two launches selected by E. S. Hand and fixed the price at $5,000 with the distinct statement that the sale was to be for cash, and that he informed Hand or Stokes that a large reduction from their catalogue price would be made upon the condition of payment being in cash. Mr. Amory also swears that nothing whatever was said with respect to Stokes being Hand, or Hand having a contract which would allow the offset of $1,155, and if that had been mentioned he would not have agreed to sell these two launches for the sum of $5,000. His evidence is to the effect that he was dealing with Hand upon the understanding that the whole amount of the purchase money was to be paid in cash and for that reason he fixed the price at the sum of $5,000. The negotiators were at cross purposes, Amory not suspecting the intention of Hand to claim the benefit of the advertising contract, and the latter fully intending to do so. Hand tendered the contract of $1,155 in part payment, but Mr. Amory at once declined to receive it, and then stated that this was a special transaction and the price reduced in order that the company might get cash, which they greatly needed, that constituting the inducement of their lowering the price.

The version given by Mr. Hand of the negotiations is at variance with the claim of Mr. Amory in this regard, but, nevertheless, there was the issue as to whether or not the minds of the parties met as to the terms of payment for these two launches; and that issue should have gone to the jury. There is no question of the plaintiff's general right under the contract of advertising; there is no question that the advertising was done, but there was a distinct contest before the jury as to the parties really having understood upon what terms the dealing then pending was made. It is not worth while discussing the effect of the suppression of facts by Hand, nor of

his resorting to a trick to realize more upon his contract for adver-
tising than would have been allowed by the defendant had Hand's
full purpose been disclosed. It is enough that there was evidence
to go to the jury to show that the defendant would not have agreed
to sell the launches at $5,000, unless it was distinctly understood that
they were to be paid for in money at the time of their purchase or
before delivery.

It is suggested that the pleadings are not in a condition to present
the precise issue which the defendant sought to get before the jury,
but there is a denial in the answer, and further than that all the
evidence that would give rise to that issue was in the case without
objection, and we must dispose of it in view of that evidence and
the state of the record as it comes to us.

The judgment must be reversed and a new trial ordered, with
costs to abide the event.

VAN BRUNT, P. J., O'BRIEN and INGRAHAM, JJ., concurred;
McLAUGHLIN, J., dissented.

McLAUGHLIN, J. (dissenting):

I dissent. There was no dispute of fact to submit to the jury.
The only question presented was one of law, and this was correctly
disposed of by the trial court. It will be observed that all the alle-
gations of the complaint were admitted by the answer, except those
relating to the contract to sell the launches, the subsequent refusal
to deliver them, and the assignment to the plaintiff. These allega-
tions were denied, but they were all established on the trial by
uncontradicted evidence. Therefore, when the trial closed and the
motion was made for the direction of a verdict, the question pre-
sented was simply this: Whether an offer by the plaintiff to pay a
portion of the purchase price of the launches in the defendant's own
obligations then due was a compliance with the condition to pay
cash, and equivalent to a tender of payment in cash. The trial
court held that it was, and in that I fully agree. Under the adver-
tising contract the defendant, or the party whose obligation it had
assumed, agreed to allow and deduct from the contract price of
launches, provided the price amounted to $5,000 or more, $1,155.
The plaintiff's assignor fully performed the advertising contract on
his part to be performed, and the price of the launches contracted to

be purchased amounted to $5,000. Therefore, by express provision of the advertising contract, the plaintiff became entitled to have applied on, or deducted from, the price of the launches $1,155. The defendant was then indebted to the plaintiff in that sum, and that the sale was made for cash in no way altered the situation, because, so far as the defendant was concerned, the satisfaction or extinguishment of the claim against it for $1,155 was equivalent to cash. The payment for the launches in cash was no more necessary than the extinguishment of the indebtedness. One must be paid and the other extinguished, if there was any validity to the advertising contract. If the plaintiff had been guilty of fraud in obtaining the quotation as to the price of the launches, or in obtaining the contract as to their sale and delivery, then another question would be presented. But there is not even a suggestion of anything of this kind in the defendant's answer, and nothing from which it can be inferred, except the bare fact that the plaintiff wanted the defendant to pay an indebtedness conceded to be due. I am of the opinion, therefore, that the plaintiff complied with the condition to pay cash, by offering to pay in the defendant's own then due obligation. (*Foley* v. *Mason*, 6 Md. 51.)

The judgment is right and should be affirmed, with costs.

Judgment reversed, new trial ordered, costs to appellant to abide event.